IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00226-BNB

TIMOTHY DOYLE YOUNG,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 16 2008

GREGORY C. LANGHAM
                       CLERK

## ORDER OF DISMISSAL

Plaintiff Timothy Doyle Young, a federal prisoner housed in the State of Colorado, originally filed this action in the United States District Court for the District of Northern California (District of Northern California). The District of California transferred the case to this Court pursuant to 28 U.S.C. § 1406(a). On February 6, 2008, Magistrate Judge Boyd N. Boland ordered Plaintiff to file his claims on a Court-approved used in this Court for filing prisoner complaints and to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

Plaintiff also was instructed to submit a certified copy of his trust fund account statement. He further was instructed that if he was not able to obtain a certified copy of his trust fund account statement he was to submit the copies of requests he had given to appropriate prison staff members or departments but that were returned to him as denied. As opposed to complying with the February 28, 2008, Order, Plaintiff filed a Motion for Dismissal. In the Motion, Plaintiff requests that the Complaint and action be dismissed pursuant to Fed. R. Civ. P. 41(a).

In the Motion for Dismissal, Plaintiff asserts that the findings of the Court in *Young v. Bureau of Prisons*, No. 07-cv-02240-BNB (D. Colo. Submitted Oct. 16, 2007), regarding his alleged inability to obtain a certified copy of his account statement, are without basis and preclude him from accessing the courts. Plaintiff further asserts in the Motion for Dismissal that the Tenth Circuit has ignored his assertions regarding his problems in obtaining certified copies of his trust fund account statements. For the reasons stated below, the Court will deny Plaintiff's Motion for Dismissal and dismiss the Complaint and action as malicious.

Plaintiff's trust fund account statement claim lacks merit. The Court directed Plaintiff to submit to the Court any copies of requests he has submitted for a certified copy of his account statement, in response to the Court's Order in the instant action, but that were denied. Plaintiff did not comply with the Court's directive nor did he attempt to explain why he possibly could not comply with the Court's directive.

The Court, in Case No. 07-cv-02240-BNB, went to great lengths to determine whether Mr. Young was provided with the opportunity to obtain a certified copy of his trust fund account statement. The Court found that Mr. Young had been given two certified copies of his trust fund account statements in November 2007, even though he claimed that he had not received any copies since May 2007. *See Young v. United States, et al.*, No. 07-1314 (10th Cir. Filed July 31, 2007) (certified account statement filed on December 5, 2007); *Young v. Dep't of Justice, et al.*, No. 07-1333 (10th Cir. Filed Aug. 10, 2007) (certified account statement filed on December 5, 2007). The Court further determined, in Case No. 07-cv-02240-BNB, that Mr. Young simply refuses to follow the procedures in place to obtain additional photocopies of the certified copies

of his trust fund account, because the procedure has changed, and because he must request that prison staff provide him with photocopies of the certified copy he receives from the Financial Management Department. Although Plaintiff claims that he is not allowed to have photocopies, he has yet to provide to the Court copies of requests he has submitted to prison staff for photocopies copies that were either ignored or denied. Mr. Young's account statement claims are malicious and frivolous.

Plaintiff also maliciously and purposely has filed actions in other federal courts knowing, as demonstrated in the cited cases below, that venue is not proper and that the actions more properly are filed in this Court. **See Young v. U.S. Dep't of Justice, et al.**, No. 07-cv-00343-UNA (D. D.C. Feb. 13, 2007) (transferred to the District of Colorado pursuant to 28 U.S.C. § 1406(a)); **Young v. Bureau of Prisons, et al.**, No. 07-cv-00817-UNA (D. D.C. May 4, 2007) (ordered transferred to the District of Colorado pursuant to 28 U.S.C. § 1406(a)); **Young v. Bureau of Prisons**, No. 07-cv-01759-UNA (D. D.C. Nov. 15, 2007) (transferred to the District of Colorado pursuant to 28 U.S.C. § 1406(a)); **Young v. DOJ, United States**, No. 07-cv-05057-SLT-LB (E.D. N.Y. Dec. 11, 2007) (transferred to the District of Colorado pursuant to 28 U.S.C. § 1406(a)); **Young v. United States**, No. 07-cv-06004-THE (N.D. Calif. Dec. 17, 2007) (transferred to the District of Colorado pursuant to 28 U.S.C. § 1406(a)); **Young v. United States**, No. 08-cv-00048-THE (N. D. Calif. Jan. 18, 2008) (transferred to the District of Colorado pursuant to 28 U.S.C. § 1406(a)).

In the instant action, Plaintiff's challenges to the Circuit Executive's findings in his judicial complaint to the Tenth Circuit and his requests for relief are more examples of the abusive filings that Plaintiff has filed in this Court and in other federal courts. The

Court, therefore, will deny Plaintiff's Motion for Dismissal and dismiss the Complaint and action as malicious pursuant to 28 U.S.C. § 1915A(b)(1). Accordingly, it is

ORDERED that the Motion for Dismissal (Doc. No. 6), filed March 10, 2008, is denied. It is

FURTHER ORDERED that the Complaint and action are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

DATED at Denver, Colorado, this 15 day of April, 2008.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00226-BNB

Timothy Doyle Young
Reg. No. 60012-001
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4-16-08

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk